UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL DOYLE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:19-cv-00469-JDL |
| | ) |
| SHAWN BABINE, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PLAINTIFF'S MOTION FOR VOIR DIRE OF THE JURY**

In this action, Plaintiff alleges that Defendants violated his constitutional rights when he was arrested during a town council meeting in Scarborough, Maine. (Complaint, ECF No. 1.) This matter is before the Court on Plaintiff's Motion for Voir Dire of the Jury. (ECF No. 24.) The Court denies the motion.

### DISCUSSION

Plaintiff asks the Court to require prospective jurors to demonstrate they were registered as members of the Republican party in 2016 and remain so at the time of trial. (Motion, ECF No. 24 at 1-2.) Plaintiff maintains the relief is necessary to ensure a jury of his peers. (*Id.*)

"One touchstone of a fair trial is an impartial trier of fact—'a jury capable and willing to decide the case solely on the evidence before it.'" *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (quoting *Smith v. Phillips*, 455 U.S. 209, 217 (1982)). In accordance with this principle, this Court's Plan for the Random Selection of Grand and Petit Jurors for Service in the District of Maine provides that, "[c]onsistent with

28 U.S.C. § 1861,[1] it is the policy of this Court that all litigants entitled to trial by jury in this District shall have the right to grand and petit juries selected at random from a fair cross-section of the community." U.S. D. CT. D. ME. PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS (Nov. 2, 2016), § II.

Prior to trial, "[t]he court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper." F.R. Civ. P. 47(a). The "examination serves to protect [the right to an impartial jury] by exposing possible biases, both known and unknown, on the part of potential jurors." *McDonough Power Equip., Inc.*, 464 U.S. at 554; *see also Connors v. U.S.*, 158 U.S. 408, 413 (1895) ("a suitable inquiry is permissible in order to ascertain whether the juror has any bias, opinion, or prejudice that would affect or control the fair determination by him of the issues to be tried.").

"In most cases, criminal and civil, a prospective juror's party affiliation, if any, is wholly irrelevant to the issue of whether he or she could serve as a fair and impartial juror." *McCabe v. Macaulay*, No. CO5-0073, 2008 WL 11509464, at *5 (N.D. Iowa May 8, 2008). Even in cases involving politics, "questions about political affiliation should be disallowed, … except where preliminary questioning … indicate[s] that a potential juror 'might,' or

---

[1] Section 1861 provides, "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861.

possibly would, be influenced in giving a verdict by his political surroundings." *U.S. v. Chapin*, 515 F.2d 1274, 1290 (D.C. Cir. 1975) (citing *Connors*, 158 U.S. at 415).

Here, the record lacks any evidence that would suggest that a prospective juror's political affiliation would influence the juror's assessment of Plaintiff's claims. The political party, if any, with which a prospective juror is affiliated is thus irrelevant. In short, Plaintiff's motion is without merit.

### CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion for voir dire of the jury.

### NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of April, 2020.