UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL DOYLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:19-cv-00469-JDL |
| | ) | |
| SHAWN BABINE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO RECUSE**

Plaintiff seeks my recusal in this matter. (Motion, ECF No. 48.) Plaintiff maintains that recusal is necessary based on a prior decision I issued in the case. I discern no basis for recusal and deny the motion.

**DISCUSSION**

By law, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." *United States v. Kelly*, 712 F.2d 884, 889 (1st Cir. 1983) (citations omitted). "The proper test … is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge [] or even necessarily in the mind of the litigant filing the motion …, but rather in the mind of the reasonable [person]."

*Panzardi-Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir. 1989) (quoting *United States v. Cowden*, 554 F.2d 257, 265 (1st Cir. 1976)).

Plaintiff contends that my decision on Defendants' motions for a show cause hearing and to strike (Motions, ECF Nos. 11, 21) demonstrates a bias against him. The motions were related to some of Plaintiff's representations in his request to proceed in forma pauperis and to certain exhibits that Plaintiff included in his opposition to Defendants' motion for a show cause hearing. After a review of the relevant record evidence, I granted in part the order for a show cause hearing and denied the motion to strike.[1] (Order, ECF No. 31.)

The impartiality of a judge is unquestionably essential to the judicial process, and recusal is necessary when the impartiality "might reasonably be questioned." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006) (citation and internal quotation marks omitted). In evaluating a motion for recusal, however, a "judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *Id*. Here, my decision on the motions constitutes my assessment of the relevant portions of the record and the applicable law. While I understand that Plaintiff disagrees with and objects to the order, "the mere fact of

---

[1] As part of the order addressing the motion to strike, because Plaintiff's opposition to the motion to show cause included documents that were not relevant to the motion but were evidently "designed to harass or otherwise assert his unrelated grievances with Defendants' counsel," (Order at 6), I advised Plaintiff that filings designed "to harass another litigant, counsel, or member of the public" are not permitted. (Order at 6, n.5.) The documents Plaintiff filed included photographs of counsel's residences (ECF Nos. 15-5, 15-6), a copy of counsel's Maine Voter Registration Application, which included personal identifying information (ECF No. 15-7), and a map apparently depicting the location of one of counsel's residences. (ECF No. 15-8).

an adverse ruling" is insufficient to establish bias.  *See U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988) (citing *Kelly*, 712 F.2d at 890.)  I find no objective basis to recuse.

## CONCLUSION

Based on the foregoing analysis, I deny Plaintiff's motion to recuse.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of June, 2020.