UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. DOYLE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|           v. | )   2:19-cv-00469-JDL |
| | ) |
| MUNICIPALITY OF SCARBOROUGH MAINE, et al., | ) |
| | ) |
|    Defendant. | ) |

**ORDER REGARDING THE ORDERS OF THE MAGISTRATE JUDGE**

Michael A. Doyle brings this action against the Town of Scarborough and two of its employees for allegedly violating Doyle's constitutional rights when he was arrested during a Town Council meeting in Scarborough. On April 17 and 23, 2020, respectively, pursuant to 28 U.S.C.A. § 636(b)(1)(A) (West 2020) and Fed. R. Civ. P. 72(a), United States Magistrate Judge John C. Nivison issued two orders: one granting in part the Defendants' motion for a show cause hearing and order as to Doyle's claims of indigency (ECF No. 31),[1] and another denying Doyle's motion to voir dire prospective jurors as to their political affiliations (ECF No. 32). In response, Doyle filed an objection as to the April 17 order (ECF No. 33) and a notice of appeal as to the April 23 order (ECF No. 35).

---

[1] Judge Nivison's order also denied the Defendants' motion to strike certain exhibits, which Doyle had attached to his opposition to the Motion to Show Cause. It did, however, order that one of Doyle's exhibits be sealed. Neither party has objected to this portion of Judge Nivison's decision, and I therefore do not address it further.

# I.  ANALYSIS

A party may file objections to a magistrate judge's order on nondispositive matters within fourteen days of being served with a copy of the order. Fed. R. Civ. P. 72(a). But "[a] party may not assign as error a defect in the order not timely objected to." *Id.* A district court reviewing a magistrate judge's order on a nondispositive matter must accept the magistrate judge's findings of fact and any inferences drawn therefrom unless they are clearly erroneous. *See Patton v. Johnson*, 915 F.3d 827, 832 (1st Cir. 2019). A district court reviews a magistrate judge's answers as to questions of law de novo. *See id.* at 833 (citing *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)).

### A.   Doyle's Objection to the Magistrate Judge's Order Granting in Part the Defendant's Motion to Show Cause

Doyle objects to the Magistrate Judge's Order granting in part the Defendants' motion for a show cause hearing as to Doyle's *in forma pauperis* application. The Order requires Doyle to file a second *in forma pauperis* application. It further provides that the Magistrate Judge will review Doyle's submission and then determine whether to vacate his prior order granting Doyle permission to proceed *in forma pauperis* and whether further proceedings are warranted as to Doyle's applications.

The *in forma pauperis* statute, under which Doyle has proceeded in this case, was enacted "to ensure that indigent litigants have meaningful access to the federal courts." *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). The statute, in pertinent part, allows a court to authorize

the commencement of a civil suit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C.A. § 1915(a)(1) (West 2020); *see also Kersey v. Becton Dickinson & Co.*, Civil No. 16-10495-LTS, 2016 WL 4492867, at *1 (D. Mass. Aug. 25, 2016). The statute requires that a court "shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue," § 1915(e)(2)(A), though it "neither requires a litigant to demonstrate absolute destitution, nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith," *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (internal citations and quotation marks omitted). Rather, the purpose of the statute's mandatory dismissal provision is to "'weed out the litigants who falsely understate their net worth' in order to obtain *in forma pauperis* status to which they would not otherwise be entitled." *Gaskins v. Dickhaut*, 962 F. Supp. 2d 336, 338 (D. Mass. 2013) (quoting *White v. Schriro,* No. 11 Civ. 5285(GBD)(MHD), 2012 WL 1414450, at *3 (S.D.N.Y. Mar. 7, 2012)).

Doyle objects to the Magistrate Judge's Order requiring Doyle to file a second *in forma pauperis* application because shortly before the Order was entered, Doyle paid the required filing fee. The Defendants filed their initial motion for a show cause hearing as to Doyle's claims of indigency on January 21, 2020, and Doyle filed responses to that motion. According to Doyle's objection to the Magistrate Judge's Order, he paid the filing fee on April 7. The payment was reflected on the Court's

docket on April 14. The Magistrate Judge issued the Order on the motion to show cause on April 17. Doyle subsequently raised the issue of mootness in his objection to the Order on April 28.

"When a pretrial motion is referred to a magistrate judge, a party must raise before her all pertinent issues generated by the motion and make known to her all of its arguments, contentions, and statements of position on which it relies to achieve a favorable decision." *Thorndike v. DaimlerChrysler Corp.*, 288 F. Supp. 2d 50, 53 (D. Me. 2003) (quoting *Singh v. Superintending Sch. Comm.,* 593 F.Supp. 1315, 1318 (D. Me. 1984)). In other words, "[p]arties must take before the magistrate, 'not only their best shot but all of their shots.'" *Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (internal quotation marks omitted) (quoting *Singh,* 593 F.Supp. at 1318). The reasons for this principle are clear:

> Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.

*Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988). Accordingly, the First Circuit has "categorically" held that an unsuccessful party is not entitled to de novo review by the judge of an argument "never seasonably raised before the magistrate." *Id.* at 990–91; *see also Patton*, 915 F.3d at 833 (explaining that questions of law receive de novo review under both 72(a) and 72(b)).

4

Because Doyle's objection that the order to show cause is mooted by the payment of the filing fee was never presented to the Magistrate Judge by a motion for reconsideration, it is unpreserved. But even if treated as preserved because Doyle is self-represented, Doyle's payment of the filing fee does not render the order to show cause moot. As previously noted, the relevant statute provides that a court "shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." § 1915(e)(2)(A). *See Oquendo v. Geren*, 594 F. Supp. 2d 9, 11 (D.D.C. 2009) ("Because the statute uses the command "shall," dismissal is mandatory in the face of untrue allegations of poverty."). If it is ultimately determined that Doyle's allegation of poverty was untrue when made, the case may still be ordered dismissed notwithstanding Doyle's payment of the filing fee after the order to show cause was issued. For these reasons, Doyle's objection is overruled.[2]

## B.   Doyle's Appeal of the Magistrate Judge's Order Denying Doyle's Motion to Voir Dire Prospective Jurors as to Their Political Affiliations

On May 7, 2020, Doyle filed what he captioned as a "Notice to Appeal the Court's Denial of Plaintiff's Voir Dire of Jury." On June 4, 2020, Doyle filed a second "Notice to Appeal the Court's Denial of Plaintiff's Voir Dire of Jury," in which Doyle states that "this Court has in fact been notified that Plaintiff intended to [a]ppeal the

---

[2] Doyle filed a second objection (ECF No. 39) to the Magistrate Judge's decision to grant in part the Defendants' motion for a show cause hearing as to Doyle's *in forma pauperis* application. Putting aside any procedural issues with the timing and form of the second objection, Doyle's second objection is overruled. I do not consider any new factual allegations Doyle raises, *see Holmes Prod. Corp. v. Dana Lighting, Inc.*, 926 F. Supp. 264, 266 (D. Mass. 1996) (quoting *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)), and upon my de novo review of the questions of law, I discern no error. When Doyle files his second *in forma pauperis* application, he may present any substantive challenges to the Defendants' claims that he is not indigent.

District's denial[,] if that was going to be the Court's decision[,] to the First Circuit." ECF 42-1 at 1–2. Accordingly, because Doyle has sought interlocutory appellate review and has not filed an objection to the Magistrate Judge's Order, as he could have pursuant to Fed. R. Civ. P. 72(a), I do not address the arguments he makes in connection with it. *See Unauthorized Practice of L. Comm. v. Gordon*, 979 F.2d 11, 14 (1st Cir. 1992) (per curiam); *see also* 14 Moore's Federal Practice § 72.11 (Matthew Bender 3d Ed. 2020) ("[B]ecause Rule 72(a) authorizes a magistrate judge to enter a final order on a nondispositive pretrial matter, a district judge does not have inherent authority to review such an order unless an objection is filed.").

## II. CONCLUSION

Doyle's objections (ECF Nos. 33, 39) to the Magistrate Judge's Order, which granted in part the Defendants' motion for a show cause hearing and order as to Doyle's claims of indigency, are **DENIED**.

**SO ORDERED.**

**Dated this 27th day of July, 2020.**

                                                                 /s/ Jon D. Levy  
                                                        **CHIEF U.S. DISTRICT JUDGE**