UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **MICHAEL A. DOYLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) 2:19-cv-00469-JDL |
| | ) |
| **SHAWN BABINE, et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**ORDER DENYING OBJECTION TO THE ORDER OF THE MAGISTRATE JUDGE**

Plaintiff Michael A. Doyle moved to seal an affidavit that he submitted in response to the Court's directive to provide additional financial information in connection with his earlier request for leave to proceed *in forma pauperis* (ECF Nos. 83, 84). United States Magistrate Judge John C. Nivison denied the motion on December 30, 2020 (ECF No. 89), pursuant to 28 U.S.C.A. § 636(b)(1)(A) (West 2021) and Fed. R. Civ. P. 72(a). Doyle filed a timely objection on January 7, 2021 (ECF No. 90).

A district judge must modify a magistrate judge's order on a nondispositive matter only when "any part of the order . . . is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Phinney v. Wentworth Douglas Hosp.*, 199 F. 3d 1, 5 (1st Cir. 1999). Local Rule 72.1(a) further notes that a party seeking review of a magistrate judge's nondispositive order must "file an objection with an incorporated

1

memorandum of law to *those specific portions for which review is sought*" (emphasis added).

Doyle's objection does not specify any part of the Magistrate Judge's decision that is erroneous or contrary to law, but instead rehashes arguments that have already been rejected by this Court. Because Doyle does not identify "those specific portions [of the Order] for which review is sought," his objection fails to meet the requirements of both Fed. R. Civ. P. 72 and Local R. 72.1.

It is therefore **ORDERED** that Doyle's Objection (ECF No. 90) is **DENIED** and that Doyle's affidavit (ECF No. 85) be unsealed.

**SO ORDERED.**

**Dated this 17th day of February, 2021.**

                                                    /s/ Jon D. Levy
                                              **CHIEF U.S. DISTRICT JUDGE**