UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. DOYLE, | ) |
| Plaintiff | ) |
| v. | ) 2:19-cv-00469-JDL |
| SHAWN BABINE, et al., | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON DEFENDANTS'**
**REQUEST FOR DISMISSAL**

This matter is before the Court on Defendants' request for dismissal based on Plaintiff's application to proceed in forma pauperis and Plaintiff's response to the Court's order directing him to file supplemental financial information related to his application. (Response, ECF No. 86.) Defendants ask the Court to dismiss Plaintiff's complaint with prejudice based on Plaintiff's alleged misrepresentations in his application and his alleged failure to comply with this Court's prior orders. (*Id.* at 8.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court grant Defendants' request and dismiss Plaintiff's complaint with prejudice.

### BACKGROUND

**A.    Application to Proceed In Forma Pauperis and Order to Show Cause**

On October 16, 2019, Plaintiff filed a complaint alleging that Defendants violated his constitutional rights at a meeting of the Scarborough Town Council in November 2017. (Complaint, ECF No. 1.) On that same day, Plaintiff signed and filed with the Court an

application to proceed without prepayment of fees. (Application, ECF No. 4.) In his application, Plaintiff declared, under penalty of perjury, that he received $1,170 per month in Social Security benefits, held $26 in a bank account, and had not received income from any other sources in the prior twelve months. (*Id.* at 1-2.) Plaintiff also declared that he had no other assets, debts, or monthly expenses. (*Id.*) On October 18, 2019, the Court granted Plaintiff's motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1). (Order, ECF No. 7.)

On January 21, 2020, Defendants filed a motion for a show cause hearing regarding Plaintiff's claim of indigency in his application. (ECF No. 11.) Citing evidence submitted in prior lawsuits regarding Plaintiff's financial status as well as other evidence related to Plaintiff's income, Defendants asked the Court to order Plaintiff to submit additional information to the Court to support his application. (*Id.* at 2-7.) On April 14, 2020, Plaintiff paid the $400 filing fee required for initiating a civil action.

Three days later, on April 17, 2020, the Court granted in part Defendants' motion for a show cause hearing.[1] (Order on Motion to Show Cause at 7, ECF No. 31.) The Court ordered Plaintiff to file a second application "with an updated affidavit setting forth for the twelve months prior to October 16, 2019, Plaintiff's monthly income and monthly expenses; wages, trust distributions, any public assistance, dividends, stock or other

---

[1] In granting Defendants' motion, I recognized that in a prior lawsuit brought by Plaintiff against, among others, the Town of Scarborough, the Court determined that Plaintiff "did not provide accurate information" in his original application to proceed *in forma pauperis* and that he had "materially understated the income earned and available to him." *See Doyle v. Town of Scarborough, et al.*, No. 2:15-cv-00227-JAW, 2017 U.S. Dist. LEXIS 5443, *5 (D. Me. Jan. 12, 2017). As such, the Court in that matter dismissed Plaintiff's complaint without prejudice. *Id.* at **6-7.

securities, donations, or other compensation for goods or services, or funds from third parties he has received; and any personal assets, income, savings, or other funds he possesses." (*Id.*)  The Court cautioned that Plaintiff's failure to comply with the Court's order could result in dismissal of Plaintiff's complaint.  (*Id.*)  The Court noted that after review of Plaintiff's submission, the Court would determine "whether any further proceedings regarding Plaintiff's in forma pauperis filings are warranted." (*Id.*)

**B.      Plaintiff's Objections to Order to Show Cause**

On April 28, 2020, Plaintiff objected to the Order, arguing that his payment of the $400 filing fee "makes the April 17, 2020 Order moot."  (Objection, ECF No. 33.)  Plaintiff filed another objection on May 19, 2020.  (Second Objection, ECF No. 39.)  In his objection, Plaintiff argued that he "believed no other action is required at this time" because he had already "met the filing requirements," but stated that he would "come to court" with his bank statement and "defend his position."  (*Id.* at 2.)  Plaintiff also stated that he was a co-trustee of the "Marion Doyle Trust," but was "not entitled to income or principal" from the Trust.  (*Id*. at 1.)  On July 27, 2020, the Court denied Plaintiff's objections, concluding that Plaintiff's arguments related to the payment of the filing fee were unpreserved and that, even if they had been preserved, Plaintiff's "payment of the filing fee does not render the order to show cause moot."  (Order at 5, ECF No. 76.)

**C.      Motion to Withdraw In Forma Pauperis Application**

On June 23, 2020, Plaintiff filed a motion to withdraw his in forma pauperis application.  He maintained that he believed his payment of the filing fee "would be recognized by this Court as a WAIVER of the previous application to proceed without

3

fees." (Motion, ECF No. 54.) In response, Defendants sought dismissal of plaintiff's complaint with prejudice. (Response at 7, ECF No. 56.)

I granted in part and denied in part Plaintiff's motion. (Order, ECF No. 81.) I granted the motion to the extent Plaintiff sought to confirm that he no longer wanted to proceed pursuant to the Court's order granting his application to proceed without prepayment of fees. (*Id.* at 1.) I denied the motion to the extent Plaintiff sought to withdraw the application to avoid any further proceedings regarding the information included in the application. (*Id.* at 2.) I concluded that dismissal of Plaintiff's complaint, at that time, was not "warranted without affording Plaintiff the opportunity to provide the additional financial information now that his objection has been overruled, the Court has concluded that the Order is not moot, and I have denied in part his motion to withdraw his application." (*Id*. at 2-3.) Accordingly, I directed Plaintiff to file another application with an updated affidavit setting forth, "for the twelve months prior to October 16, 2019, (a) the revenue, income, funds, and financial benefits he received from any source and (b) his expenses." (*Id.* at 3.)

Plaintiff subsequently filed an affidavit but did not file a completed application. (Affidavit, ECF No. 85.) Plaintiff declared that in the twelve months prior to October 16, 2019, he "had no income, other than a modest amount from Social Security . . . and no financial benefits from any source." (*Id.* at 1.) Plaintiff represented that he had "$27.35 in funds." (*Id.*) Plaintiff also stated that he is "supported by a trust," that "all [of his] living expenses are paid by the Trust," and that he has "no expenses that are not covered by the Trust." (*Id.*)

Defendants objected to Plaintiff's affidavit and requested the dismissal of Plaintiff's complaint with prejudice. (Objection, ECF No. 86.) Plaintiff maintains that he does not receive income from the trust and asks the Court to deny Defendants' request. (Response, ECF No. 88.)

## DISCUSSION

Defendants contend that Plaintiff has "repeatedly misrepresented his income" and Defendants ask the Court to dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(A). (Objection at 4-8.) Defendants also argue that Plaintiff's affidavit was an "insufficient response" to the Court's order and seek dismissal of his complaint as a sanction for his failure to comply with the Court's orders. (*Id.* at 2-4.) In response to Defendants' objection, Plaintiff maintains that the Trust "pays [his] living expenses," but that he has "received no income from the trust." (Response at 2, ECF No. 88.)

Given Plaintiff's familiarity with the in forma pauperis process and the plain language of the application, Plaintiff's explanation that he did not identify the trust in the application because he does not receive income from the trust is insufficient and does not excuse the omission. The application specifically listed "trusts" among the assets Plaintiff was to disclose. The fact that Plaintiff failed to include required information in the application, however, does not end the assessment of whether dismissal is required.

"The federal in forma pauperis statute, codified at 28 U. S. C. § 1915, allows an indigent litigant to commence a civil . . . action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A person seeking to proceed in forma pauperis must submit an affidavit that

includes "a statement of all assets such [person] possesses," demonstrating that "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "[A] non-prisoner litigant may qualify for [in forma pauperis] status after submitting an affidavit listing all assets and anticipated expenses and substantiating his inability to pay." *Emrit v. Bank of Am., Inc.*, 566 F. App'x 265 (4th Cir. 2014) (per curiam). A party need not "be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, "[a]n affidavit to proceed [in forma pauperis] is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide himself and his family the necessities of life." *Latimore v. Boston Police Dep't*, No. 14-13685-FDS, 2014 U.S. Dist. LEXIS 139539, at **2-3 (D. Mass. Oct. 1, 2014) (citing *Adkins*, 335 U.S. at 339).

Where a party has submitted an affidavit to proceed in forma pauperis, the statute specifically provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth.'" *Vann v. Comm'r of the N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)).

Under the plain language of the statute, dismissal is mandatory when the allegation of poverty is false. *See Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because

the allegation of poverty was false, the suit had to be dismissed, the judge had no choice"); *Oquendo v. Geren*, 594 F. Supp. 2d 9, 11 (D. D.C. 2009) ("Because the statute uses the command 'shall,' dismissal is mandatory in the face of untrue allegations of poverty"). As one court noted, however, the "statute cannot possibly be applied literally; if it were, then every time such a petition was denied. . .the case would have to be dismissed." *Davis v. Geren*, No. 1:06-CV-1469-WTL-TAB, 2009 WL 362877, at *1 (S.D. Ind. Feb. 11, 2009). Courts, therefore, interpret the statute to require dismissal when an application contains false or misleading statements or omissions which would lead a court to grant the application even though the petitioner was not actually impoverished. *See id.* at *4.

The issue is thus whether Plaintiff's failure to include the trust and its benefits in the application constitutes a falsity as to the assertion of poverty. In his application to proceed in forma pauperis, Plaintiff represented that he received $1,170 per month in Social Security benefits and had $26 in a bank account. (Application, ECF No. 4.) In subsequent filings with the Court, Plaintiff states that he is a co-trustee of the "Marion Doyle Trust," "all [of his] living expenses are paid by the Trust," and he has "no expenses that are not covered by the Trust." (Second Objection at 1, ECF No. 39; Affidavit, ECF No. 85.) The existence of a trust that covered most, if not all, of Plaintiff's living expenses is plainly relevant to an assessment of Plaintiff's assertion of poverty. That is, if the trust covers all of Plaintiff's living expenses, Plaintiff's asserted monthly income would be available to pay the filing fee.[2] Here, the trust, at the discretion of the trustee, is available for Plaintiff's

---

[2] Although Plaintiff listed "none" when asked to identify his regular monthly expenses on the application, he did not disclose that he had a resource that provides financial support for him. The Court did not construe

7

"care, support, maintenance, and medical expenses." The trust language is broad and appears to be available for all of Plaintiff's living expenses. While the form application does not specifically ask a party whether the party has a trust to cover expenses, the form application does ask about a party's assets and lists trusts among the types of assets the applicant should disclose. Any reasonable person applying for in forma pauperis status would understand the relevance of the trust to the Court's assessment of a request for in forma pauperis status and the need to identify the trust in the application.[3] In short, Plaintiff's failure to identify the trust in the application constitutes a false assertion of poverty.

Plaintiff's subsequent payment of the filing fee does not resolve or moot the issue. Under the statute, dismissal is required despite Plaintiff's subsequent payment of the filing fee. As noted above, the statute states, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).[4] The requirement of dismissal despite the subsequent payment of the filing fee is sound.

---

the lack of identified expenses on the application as a representation that Plaintiff had a trust or some other source from which he could obtain payment for all his living expenses, as opposed to other potential explanations for Plaintiff's representation (e.g., temporarily living with a family member or friend, a family member or friend agreed to pay the monthly living expenses for a period of time).

[3] The form application also asks the applicant whether the applicant received any income from an "inheritance." The trust was established in the "Last Will and Testament of Marion A. Doyle." (ECF No. 11-8.) While Plaintiff contends his "no" answer is accurate because he does not receive any "income," at a minimum, with the inquiry about an inheritance, Plaintiff was on notice that the benefits received through a will were relevant to the Court's assessment of his claim of poverty.

[4] The Court previously noted that payment of the filing fee did not eliminate the risk of dismissal if Plaintiff's allegation of poverty was untrue. (Order at 5, ECF No. 76.)

Otherwise, a plaintiff could seek and obtain in forma pauperis status under false pretenses and could pay the filing fee without consequence if the veracity of the poverty assertion is challenged. *See Kennedy v. Huibregtse*, No. 13-C-004, 2015 WL 13187300, at *5 (E.D. Wis. Nov. 13, 2015), aff'd, 831 F.3d 441 (7th Cir. 2016) (rejecting argument that subsequent payment of the filing fee can cure a prior false allegation of poverty, reasoning that "the wrongful act of making false statements to the court is always harmful, and a later payment will not make up for an earlier falsehood about not being able to make the payment") (internal citation and quotation omitted).

The question, then, is whether the dismissal should be with prejudice as Defendants request. *See Floyd v. Lee*, 85 F. Supp. 3d 482, 493 (D.D.C. 2015) ("Although 28 U.S.C. § 1915(e)(2)(A) mandates dismissal for a false allegation of poverty, Congress intended to leave the decision to dismiss with or without prejudice in the district court's discretion.") (quotation marks omitted). Although section 1915(e) does not "require[] dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith," *Vann*, 496 F. App'x 113, 115, courts generally enter dismissals with prejudice where a party has concealed or misrepresented financial assets in bad faith, *see, e.g.*, *David v. Wal-Mart Stores, Inc.*, 669 F. App'x. 793, 795 (7th Cir. 2016) ("[D]ismissal with prejudice is an appropriate sanction whenever a plaintiff deceives the district court in an application for pauper status."); *Thomas*, 288 F.3d at 306-07 (affirming dismissal with prejudice where plaintiff filed a "false application"); *Floyd*, 85 F. Supp. 3d at 493 ("Dismissal with prejudice is an appropriate punitive measure where an in forma pauperis applicant provides false information in bad faith or with intent to deceive the court."); *Taylor v. Wall*, No. 05-

9

118 T, 2005 U.S. Dist. LEXIS 16430, at *7 (D. R.I. Jul. 25, 2005) ("[W]here. . . an applicant intentionally misrepresents his/her financial status in order to gain in forma pauperis status, the trend within the courts is to dismiss the case with prejudice."); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004) (dismissing complaint with prejudice where plaintiff engaged in "skillful concealment of assets"); *Oquendo*, 594 F. Supp. 2d at 11-12 (dismissal with prejudice where Plaintiff made "knowing" misrepresentations). In determining bad faith, courts have considered a party's litigation history and familiarity with the in forma pauperis statute. *Vann*, 496 F. App'x at 115-16; *see Shepherd v. Annucci*, 921 F.3d 89, 98 (2d Cir. 2019) (dismissing complaint with prejudice where Plaintiff had "significant experience with the workings of the court" and "an extensive history with the [in forma pauperis] statute"); *Dawson v. Lennon*, 797 F.2d 934, 936 (11th Cir. 1986) ("The clear pattern of attempts to deceive the courts on his financial status in this and other cases justifies . . . dismissal with prejudice."); *Steshenko v. Gayrard*, No. 13-CV-03400-LHK, 2015 U.S. Dist. LEXIS 44289, at ** 25-26 (N.D. Cal. Apr. 1, 2015) (dismissal with prejudice appropriate where pro se plaintiff was "experienced litigant" who "repeatedly omitted material information" from in forma pauperis applications); *Taylor*, 2005 U.S. Dist. LEXIS 16430, at *8 (entering dismissal where plaintiff was not a "novice litigant").

Plaintiff has had several opportunities to demonstrate that the failure to include the trust in the application was an oversight, a legitimate misunderstanding, or otherwise a good faith mistake. After review of Defendants' motion for a show cause hearing, in which motion Defendants identified the trust, the Court afforded Plaintiff an opportunity to submit

another application before the Court determined whether any further proceedings on the application were necessary. Specifically, the Court ordered Plaintiff to

> file a Second Application to Proceed in District Court Without Prepaying Fees or Cost (Form AO 240) with an updated affidavit setting forth for the twelve months prior to October 16, 2019, Plaintiff's monthly income and monthly expenses; wages, trust distributions, any public assistance, dividends, stock or other securities, donations, or other compensation for goods or services, of funds from third parties he has received; and any personal assets, income, savings, of other funds he possesses.

(Order at 7, ECF No. 31.) Rather than file a completed application with an updated affidavit as ordered, after the Court overruled his objection to the order, Plaintiff filed a motion to withdraw his application to proceed in forma pauperis. (Motion, ECF No. 54.) In its order on the motion to withdraw, the Court directed Plaintiff to file an affidavit setting forth his income from all sources and his expenses. (Order, ECF No. 81.) In response, Plaintiff filed the affidavit to which Defendants object. In the affidavit and in other filings, Plaintiff asserted that he is "not entitled to income or principal" from the trust and that he has "no expenses that are not covered by the trust." (Second Objection at 1, ECF No. 39; Affidavit, ECF No. 85.) He did not identify, however, in any meaningful way the expenses paid by the trust or the amounts paid by the trust for his support.[5]

Plaintiff had yet another opportunity to address the issue in response to Defendants' objection to his affidavit and request for dismissal. In his response, Plaintiff characterized

---

[5] By its express terms, the trust states that the trust property will be held "in trust for the benefit of" Plaintiff, including "such amounts of the income and principal of the trust property . . . for his care, support, maintenance, and medical expenses." (Last Will and Testament at 2, ECF No. 11-8). Plaintiff has not provided the Court with complete information related to the amount of his expenses paid by the trust.

11

Defendants' objection as a waste of time and did not acknowledge the relevance of the trust to the Court's assessment of Plaintiff's claim of poverty. (Response, ECF No. 88.)

Plaintiff's omission of the trust and failure to provide the financial information required by the application and as ordered by the Court are significant particularly given his familiarity with the in forma pauperis process and his knowledge of the need for accuracy in the application process. As the Second Circuit observed, "to determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation." *Vann*, 496 Fed. App'x. at 115. This Court previously denied Plaintiff's request for in forma pauperis status in one case based on the lack of complete and accurate information, *see Doyle v. Warren*, No. 2:17-cv-00013-NT, 2017 U.S. Dist. LEXIS 127873, at **1-4 (D. Me. Aug. 11, 2017), and dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(A) for the same reason in another case. *See Doyle v. Town of Scarborough*, No. 2:15-cv-00227-JAW, 2017 U.S. Dist. LEXIS 5443, at **4-8 (D. Me. Jan. 12, 2017) (dismissal without prejudice where "Plaintiff clearly did not provide accurate information when he filed the original application, and he materially understated the income earned and available to him"). Furthermore, in 2015, in denying Plaintiff's request for a fee waiver, the Maine State Superior Court determined that Plaintiff had filed a false affidavit in support of his request for the waiver. (*Doyle v. Town of Scarborough*, No. CV-14-19, Order on Motion to Show Cause, ECF No. 11-2, PageID #74.)

In addition to the notice provided by his involvement in other cases, Plaintiff was on notice in this case of the possible serious consequences of the failure to provide accurate

information in the application and to comply with the Court's order directing him to file another application. The Court specifically informed Plaintiff that his failure to comply with the Court's order could result in the dismissal of Plaintiff's complaint. (Order at 7, ECF No. 31.)

The record, therefore, establishes that Plaintiff is very familiar with the in forma pauperis process; that the Court informed Plaintiff that his failure to provide the required information in an updated application could result in the dismissal of his complaint; that Plaintiff previously falsely asserted poverty in the in forma pauperis process on multiple occasions; and that Plaintiff was on notice of the significant consequences when an applicant fails to include accurate and complete information in an application for in forma pauperis status. Plaintiff nevertheless failed initially to disclose the trust and its benefits, did not subsequently file a completed application as ordered, and otherwise minimized the trust's significance to the Court's assessment of his assertion of poverty.

Title 28 U.S.C. § 1915(e)(2)(A) mandates dismissal when an application for in forma pauperis status includes a false assertion of poverty. As discussed herein, Plaintiff's failure to identify the trust in the application constitutes a false assertion of poverty. Plaintiff has failed to present any information that would reasonably support a finding that the omission of the trust and related information was unintentional, the product of his lack of understanding of the application's requirements, or otherwise in good faith. As the Court in *Taylor* explained, "where. . . an applicant intentionally misrepresents his/her financial status in order to gain in forma pauperis status, the trend within the courts is to dismiss the case with prejudice." *Taylor*, 2005 U.S. Dist. LEXIS 16430, at *7. Consistent

with the sound reasoning of the courts that have established that trend, given that on multiple occasions prior to this case Plaintiff failed to provide complete and accurate information in his requests for in forma pauperis status, and given the facts of this case, dismissal with prejudice is appropriate.[6]

## CONCLUSION

Based on the foregoing analysis, on Defendants' objection and request for dismissal, I recommend the Court dismiss the matter with prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of June, 2021.

---

[6] Plaintiff's failure to comply with the Court's previous orders could also be a basis for dismissal. *See* Fed. R. Civ. P. 41(b); *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) ("[I]n the federal system the Civil Rules reinforce and augment the inherent power of district courts to dismiss cases for disregard of judicial orders."). Plaintiff did not file a supplemental in forma pauperis application, as the Court directed on April 17, 2020. (Order on Mot. To Show Cause at 7, ECF No. 31.) Moreover, the Court cautioned Plaintiff that failure to do so could result in dismissal. (*Id.*) In the Court's November 13, 2020, Order, Plaintiff was directed to provide to the Court "the revenue, income, funds, and financial benefits he received from any source" and his "expenses." (Order, ECF No. 81.) Although Plaintiff timely filed his affidavit and declared he received financial benefits from the trust, Plaintiff did not provide any detail about the amounts paid by the trust to cover his expenses, nor did Plaintiff disclose the amount of his "living expenses." (Affidavit, ECF No. 85.) Accordingly, dismissal could also be warranted as a sanction for Plaintiff's failure to comply fully with the Court's orders related to his supplemental in forma pauperis application.