UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **MICHAEL A. DOYLE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:19-cv-00469-JDL |
| | ) |
| **SHAWN BABINE, et al.,** | ) |
| | ) |
| | ) |
| Defendant. | ) |

### ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Plaintiff Michael A. Doyle, who is self-represented, filed a Complaint on October 16, 2019 alleging that Defendants Shawn Babine, Mary Pearson, and the Town of Scarborough (collectively, "Defendants") violated his constitutional rights at a meeting of the Scarborough Town Council (ECF No. 1). That same day, he filed a Motion for Leave to Proceed In Forma Pauperis (ECF No. 4). Following allegations by the Defendants that Doyle misrepresented his financial information in his Motion for Leave to Proceed In Forma Pauperis, the Court engaged in a significant back-and-forth with Doyle in an attempt to allow Doyle the opportunity to provide the Court with additional financial information. The Defendants now ask the Court to sanction Doyle by dismissing his Complaint with prejudice based on Doyle's alleged misrepresentations in his Motion for Leave to Proceed In Forma Pauperis and his failure to comply with the Court's prior orders (ECF No. 86).

United States Magistrate Judge John C. Nivison filed his Recommended Decision on the Defendants' request with the Court on June 29, 2021 (ECF No. 95), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2021) and Fed. R. Civ. P. 72(b). Doyle filed an Objection on July 7, 2021 (ECF No. 98)[1], and the Defendants responded on July 21, 2021 (ECF No. 99).

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

Doyle's Objection alleges that the Recommended Decision overlooks violations of both due process and equal protection. He makes a number of assertions about his financial status, makes accusations against the Magistrate Judge, and rehashes a number of his previous arguments. However, he does not make "specific written objections" to the Magistrate Judge's Recommended Decision as required by Federal Rule of Civil Procedure 72(b)(2). *See also* D. Me. Local R. 72.1(a) ("a party seeking review [of a Magistrate Judge's recommended decision] shall file an objection . . . to those specific portions [of the recommended decision] for which review is sought."). Moreover, even if Doyle's Objection was properly raised, I conclude that the objections voiced are without merit, and they do not change my conclusion that the Magistrate Judge's Recommended Decision should be adopted in its entirety.

---

[1] Doyle's filing is styled as a Motion for Reconsideration, however, I treat it as an Objection pursuant to Federal Rule of Civil Procedure 72(b)(2) and District of Maine Local Rule 72.1(a).

It is therefore **ORDERED** that the Recommended Decision (ECF No. 95) of the Magistrate Judge is hereby **ACCEPTED.** The Defendant's request that Doyle be sanctioned with dismissal of his complaint (ECF No. 86) is **GRANTED,** and Doyle's Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

**Dated this 29th day of July, 2021.**

                                                 **/s/ Jon D. Levy**
                                            **CHIEF U.S. DISTRICT JUDGE**